## ALBERT DATZ CO. v. DIECKMAN.

(Supreme Court, Appellate Term. June 1, 1906.)

SALES—ACTION FOR PRICE—DELIVERY—EVIDENCE.

    In an action for the price of certain goods, evidence of the delivery of the goods to defendant *held* insufficient to justify a judgment for plaintiff for the full value of the goods.

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by the Albert Datz Company against Otto Dieckman. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Argued before GILDERSLEEVE, DAVIS, and CLINCH, JJ.

Weschler & Myers, for appellant.

Rudolph Marks, for respondent.

GILDERSLEEVE, J.　The plaintiff agreed to manufacture and deliver to the defendant a quantity of goods, delivery to be made

December 1, 1905. The goods were delivered on or about November 16, or 17, 1905, but were not then accepted by the defendant, for want of room to store them, and were taken back by plaintiff's representative, who promised to deliver them again later on. Whether or not the goods were delivered, or delivery of them tendered, the second time is the question at issue in this case. The plaintiff's representative testified as follows upon that subject. "Q. Pursuant to your promise did you send the goods again? A. Yes. Q. Were they accepted? A. I don't know." The next question put this witness was by the defendant's attorney. "Q. You say the goods were sent again? A. I don't know." Against this was the positive and unequivocal testimony of the defendant, who swears positively that the goods were never delivered a second time, nor was there ever any offer to deliver. The testimony was clearly insufficient to authorize a judgment in favor of the plaintiff for the full value of the goods.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.